OPINION
Beryl L. Randolph appeals from a judgment of the Xenia Municipal Court, which ordered her to pay $800 to Howard Philip, plus interest, and dismissed her counterclaim against him.
This case arose from an oral contract between the parties for Philip to paint the exterior of Randolph's house. Originally, the parties agreed upon a price of $1,250 for Philip to paint the house a color other than the existing color. Randolph chose the color from a paint chip at a local paint store. When Randolph was not satisfied with the color of the paint as it appeared on her house after one coat, Philip offered to apply a second coat of paint for an additional $800. When the work was finished, Randolph wrote Philip a check for $2,050. She subsequently stopped payment on this check, however, and issued Philip a check for $1,250.
Philip filed a complaint seeking to recover the $800 difference between the first and second checks. Randolph filed a counterclaim in which she alleged that Philip had not performed in a workmanlike manner, that the paint "was not the color agreed upon by the parties," and that it would cost her $2,000 to have the work redone.
The matter was referred to a magistrate, who conducted a hearing on November 9, 1999. The magistrate found that Philip's work had been performed in a workmanlike manner, that he had not guaranteed "a certain visual result" or that the color of the house would match the color of the paint chip, and that Randolph's claim that she had been dissatisfied with the work was not credible in light of the fact that she had originally paid Philip in full. The magistrate concluded that Philip was entitled to additional payment in the amount of $800, plus interest, and that Randolph had not offered any evidence in support of her counterclaim. Randolph did not file objections to the magistrate's decision, and it was adopted by the trial court.
Randolph raises two assignments of error on appeal.
 I. THE MAGISTRATE ERRED IN FINDING THAT THE PLAINTIFF PERFORMED CONTRACT WORK PROPERLY.
 II. THE MAGISTRATE IS UNAWARE OF THE CONCEPT OF "IMPLIED WARRANTY" BY A CONTRACTOR.
Randolph's assignments of error challenge the weight of the evidence supporting the magistrate's decision. As a preliminary matter, however, we note that Randolph did not object to the magistrate's decision in the trial court. Civ.R. 53(E)(3)(b) provides that a party shall not assign as error on appeal the trial court's adoption of a magistrate's finding of fact or conclusion of law unless the party has properly objected to that finding or conclusion in the trial court. The failure to file such objections waives the right to appellate review and precludes relief from this court in the absence of civil plain error. Anderson v. Steele (Apr. 14, 2000), Montgomery App. No. 17992, unreported; Timbercreek Village Apts. v. Myles (May 28, 1999), Montgomery App. No. 17422, unreported. The civil plain error doctrine is not favored and may be applied only in the extremely rare case where the error complained of would have a material, adverse effect on the character of and public confidence in judicial proceedings. O'Connell v. Chesapeake Ohio RR. Co. (1991), 58 Ohio St.3d 226, 229.
The parties do not dispute that their initial agreement was for Philip to paint Randolph's house a color of her choice for $1,250. Randolph selected the color at an agreed upon paint store, and Philip purchased the paint there in accordance with the paint number that Randolph had given him. Randolph presented no evidence that Philip had not purchased and applied the paint color that she had selected, but she contended that the color did not match the paint chip when the work was finished. After discussing the color of the first coat of paint, Philip informed Randolph that applying a second coat might achieve a result with which she would be more satisfied, and he told her that he would charge an additional $800 to apply another coat. Philip claimed that Randolph had agreed to this amount. Randolph admitted that Philip had told her of this charge, although she denied that she had agreed to it. She acknowledged, however, that she had selected the paint used on the second coat, that she had allowed Philip to paint the second coat, and that she had not assumed that he was applying a second coat at no cost. Moreover, Randolph paid Philip the full amount when the work was completed.
Randolph repeatedly asserted that Philip should have applied the paint to a small area of the house as a test, subject to her approval, before completing the entire job, but presented no evidence that such "testing" is a common practice among painters. Randolph also asserted that, by painting the house the color she had chosen, Philip had warranted that the color on the house would match the paint chip, but presented no evidence that such an "implied warranty" as to the color of the paint is included in a contract to paint a house. In other words, Randolph presented no evidence that her conclusions as to what a competent painter would have done or what implied warranties were contained in her contract with Philip were objectively reasonable. Moreover, the magistrate expressed skepticism about Randolph's claim that she had been dissatisfied with the workmanship, given her initial payment for the full amount, and about her claim that she had felt intimidated by Philip, since she was a larger person than he was.
We have no question that the magistrate could have reasonably concluded from the evidence presented that Randolph owed Philips an additional $800, plus interest, for the painting of her home and that Randolph was not entitled to recover on her counterclaim. Furthermore, the result in this case certainly did not have a material, adverse effect on the character of and public confidence in judicial proceedings so as to constitute civil plain error. The assignments of error are overruled.
 ___________________________ WOLFF, J.
BROGAN, J. and FAIN, J., concur.